**Rebecca SALLES, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 97–5131.**

United States Court of Appeals, Federal Circuit.

Oct. 14, 1998.

Pauline Newman, Circuit Judge, dissented and filed opinion.

Alfonso Ovideo–Reyes, of Miami, Florida, argued for plaintiff-appellant.

Andrea I. Kelly, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Frank J. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk T. Manhardt, Assistant Director.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

Opinion for the court filed PER CURIAM. Dissenting opinion filed by Circuit Judge NEWMAN.

PER CURIAM.

Plaintiff–Appellant Rebecca Salles appeals from a summary judgment by the United States Court of Federal Claims denying her claims for breach of an alleged oral contract for payment of a percentage of the value of seizures and forfeitures arising from her role as a confidential informant for a government agency. *See Salles v. United States*, No. 96–189C (Fed. Cl. June 26, 1997). This case was submitted for our decision following oral argument *in camera* on September 2, 1998. We review the grant of summary judgment by the Court of Federal Claims *de novo*. *See Confederated Tribes of Colville Reservation v. United States*, 964 F.2d 1102, 1107 (Fed.Cir.1992). Because none of the government employees with whom Salles dealt had "implied actual authority" to bind the United States in contract, we affirm.

Salles contends that at a meeting with certain officials, she was orally promised a twenty-five percent commission of the value of all the money and property seized as a result of her information.

It is undisputed that the officials did not have express contracting authority. An officer of the United States who does not possess express contracting authority may nevertheless bind the United States, but only if he has "implied actual authority." *See H. Landau & Co. v. United States,* 886 F.2d 322, 324 (Fed.Cir.1989) ("Authority to bind the [g]overnment is generally implied when such authority is considered to be an integral part of the duties assigned to a[g]overnment employee." (internal quotation marks omitted)). None of the officials with whom Salles dealt had the requisite implied actual authority. To the extent rewarding informants was an "integral part" of the duties of the officials, they were limited by the Comprehensive Forfeiture Act of 1984, Pub.L. No. 98–473, codified at 28 U.S.C § 524(c), which does not authorize payment promises providing for a percentage of all seizures, as alleged.

Accordingly, the decision of the Court of Federal Claims is

*AFFIRMED.*

PAULINE NEWMAN, Circuit Judge, dissenting.

This is a troubling case. The record contains an agreement between the United States and this appellant; thus I can not join my colleagues in their ruling that there was no agreement. The agreement bears the following heading:

## UNITED STATES DEPARTMENT OF JUSTICE

DRUG ENFORCEMENT ADMINISTRATION

### ACUERDO CON EL INFORMANTE

Monetary terms and other obligations specific to this informant are not stated in the agreement; thus this dispute as to what was promised and accepted. Although one can debate the purpose of this agreement, its existence belies the position of the government, accepted by my colleagues, that there was no agreement at all.

A written document need not itself be a fully integrated contract in order to memorialize that an agreement was made, when the parties have mutually assented to be bound. The authorized presentation of this agreement by agents of the Department of Justice, its signature by the informant, and its witnessing by two federal agents, evidences *prima facie* the intent of the United States to be bound. *See Restatement (Second) of Contracts* § 19 (1981). It is apparent that compensation was contemplated, and indeed some compensation has been paid.

When a written document does not state the complete understanding memorialized therein, the missing terms may be proven. *Restatement,* Comment, § 204(e) § 216; ("The fact that an essential term is omitted may indicate that the agreement is not integrated or that there is partial rather than complete integration. In such cases the omitted terms may be supplied by prior negotiations or a prior agreement. *See* § 216." When the terms of compensation are not written into the contract, evidence thereof may be adduced. *See id.*

The complete disclaimer by the United States of any understanding or obligation whatsoever is what troubles me most about this case. The position of the Department of Justice that there was no agreement, and that in all events an agreement on percentage terms is not enforceable because this informant's work turned out to produce very large monetary returns to the United States,[1] does scant credit to the nation. The integrity of the United States as a promisor is not less stringent when dealing with informants. The degree of uncertainty of the potential value of the relationship is of evidentiary relevance; it is not grounds for disclaiming the relationship entirely.

Of course, I do not know what was in fact represented and agreed. However, the appellant is not barred from seeking to establish these facts. As a minimum, the appellant is entitled to inquire into whether the Department of Justice or the DEA was authorized to promise a percentage of the

---

1. The confiscation of large sums in cash, through this informant's work, is conceded by the United States.

recovery, in light of the anticipated performance, the risks involved, or other considerations. I doubt that the federal agents who deal with confidential informants are required to personally have monetary authority as contracting officers, in order to have authority to promise a percentage of the illegal proceeds recovered due to the informant's services. The record is silent on this point, but at the oral argument government counsel conceded that some persons in the Department or DEA have authority to promise compensation in the form of a percentage of the recovery.[2]

The appellant is entitled to establish, or to attempt to establish, what was in fact promised. Only thereafter can the court determine the consequences of such a promise. Thus I conclude that summary judgment was inappropriately granted. I would remand for findings, through the processes of trial.

---

2. This is illustrated by a document in the record, showing a monetary award to this appellant, on a form which contains the following line:

    C. Recommended percentage: N/A

The government's position that a percentage is an extraordinary arrangement, available only at the highest level of the Department of Justice, is not readily reconciled with this apparently routine form.